THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JEFFERY WEBB, II                                                                                          PLAINTIFF

v.                                        Case No. 3:19-cv-00358-KGB

JOE SLOCUM, III, *et al.*                                                                               DEFENDANTS

## ORDER

Before the Court is the status of this case. On December 11, 2019, plaintiff Jeffery Webb, II, filed a motion for leave to proceed *in forma pauperis* ("IFP") and a *pro se* civil rights complaint (Dkt. Nos. 1, 2).

### I.       IFP Application

Based on Mr. Webb's application to proceed IFP, he has neither the funds nor the income to pay the filing fee. Therefore, the Court grants his motion to proceed IFP (Dkt. No. 1).

### II.      Screening

The Court will screen Mr. Webb's complaint pursuant to 28 U.S.C. § 1915(e)(2) before the Court allows service of the complaint on any named defendant.

#### A.       Legal Standard

Because Mr. Webb is proceeding IFP, the Court is required to screen his complaint and dismiss the case, in whole or in part, if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Angel v. Bowers*, No. 3:18-CV-00121-KGB, 2019 WL 440571, at *1 (E.D. Ark. Feb. 4, 2019) (recognizing that district courts have the power to screen and dismiss complaints filed by all litigants, prisoners and non-prisoners alike); *Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016) (same).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated differently, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 678 (2009). While the court must accept as true all well-pleaded facts in the complaint, *see Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800, 804 (8th Cir. 2013), it need not credit conclusory allegations or "naked assertion[s] devoid of further factual enhancement," *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

Finally, in evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, the court holds "a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (alteration in original) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

**B.** **Discussion**

Mr. Webb sues Doyle Fowler, Mayor of McCrory, Arkansas, Joe Slocum, III, Chief of the McCrory Fire Department, James Durham, a deputy sheriff with the Woodruff County Sheriff's Office, Thomas Kendrick, a wildlife officer with the Arkansas Game and Fish Commission, and

Nick Watson, presumably a law enforcement officer (collectively, "defendants") (Dkt. No. 2, at 1–2).[1] Defendants are sued in both their official and personal capacities (Dkt. No. 2, at 2).

Mr. Webb alleges that Mr. Slocum "bush-hogged over 9 thousand dollars of irrigation and damaged over 100,000 dollars of produce." (Dkt. No. 4). After filing a complaint, Mr. Webb was allegedly "harassed, arrested, threatened, and assaulted by the defendants over a course of a year." (*Id.*). Specifically, Mr. Webb asserts that Mr. Durham tried to hinder his bond by threatening a bail bondsman with jail time if he bonded Mr. Webb out of jail (*Id.*). Mr. Webb further asserts that Mr. Watson used excessive force while arresting him and that no warrant had been issued for his arrest (*Id.*). Next, Mr. Webb maintains that, while in custody, he was forced to sleep without proper lineage and that he was peppered sprayed while laying on his bed by Mr. Durham, who threatened to hang him if he reported the incident (*Id*). Finally, Mr. Webb alleges that, while questioning him, Mr. Kendrick pointed his weapon in his face and stated that he would have him killed if he bonded out (*Id.*). For relief, Mr. Webb requests $10 million in damages against defendants, a letter of apology from defendants, and that defendants be required to complete 203 hours of community service. The Court will discuss each of Mr. Webb's allegations in turn.

1. **Official-Capacity Claims For Money Damages Against Thomas Kendrick**

Mr. Webb's official-capacity damages claim against Mr. Kendrick fails because it is the equivalent of a claim against the State of Arkansas. The Eleventh Amendment to the United States Constitution provides "a state with immunity from suit in federal court by citizens of other states and by its own citizens." *Skelton v. Henry*, 390 F.3d 614, 617 (8th Cir. 2004) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 (1890)). The Supreme Court has observed that "a suit against a state

---

[1] The Clerk of Court is directed to update the docket sheet to reflect that Nick Watson is a defendant in this action.

official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). Thus, in an official-capacity suit, "[t]he real party in interest is the government entity, not the named official." *Lewis v. Clarke*, 137 S. Ct. 1285, 1291 (2017) (citing *Edelman v. Jordan*, 415 U.S. 651, 663–65 (1974). Put simply, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71; *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) ("A suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983.").

The Arkansas Game and Fish Commission is considered a state agency with Eleventh Amendment immunity. *See Miller v. Hulsey*, 347 F. Supp. 192, 194 (E.D. Ark. 1972) ("The Arkansas State Game & Fish Commission is an independent agency of the State of Arkansas created by Amendment 35 to the Constitution of Arkansas."). Mr. Kendrick was employed by the Arkansas Game and Fish Commission at the time of the events about which Mr. Webb complains, based on Mr. Webb's allegations. Therefore, Mr. Webb cannot assert a § 1983 claim for money damages against Mr. Kendrick in his official capacity.

### 2. Official-Capacity Claims Against Joe Slocum, III, Doyle Fowler, James Durham, And Nick Watson

"Eleventh Amendment immunity does not extend to independent political subdivisions created by the State, such as counties and cities." *Hadley v. N. Ark. Cmty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996) (citing *Lincoln Cty. v. Luning*, 133 U.S. 529 (1890)); *see also Land v. Washington Cty.*, 243 F.3d 1093, 1095 n.3 (8th Cir. 2001) ("Generally, a suit against a county is not regarded as a suit against the state within the meaning of the Eleventh amendment.") (citing *Gilliam v. City of Omaha*, 524 F.2d 1013, 1015 (8th Cir. 1975)). Whether a governmental entity

4

is "an arm of the State" for purposes of sovereign immunity is a question of federal law, *Pennhurst State Sch. & Hosp. v. Halderma*n, 465 U.S. 89, 124 (1984), but it "can be answered only after considering the provisions of state law that define the agency's character," *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 430 n.5 (1997).

Because cities and counties do not enjoy Eleventh Amendment immunity, Mr. Webb may sue Mr. Slocum, Mr. Fowler, Mr. Durham, and Mr. Watson in their official capacities for money damages because, according to Mr. Webb's allegations, these individuals worked for cities or counties.  However, to establish municipal liability under § 1983, Mr. Webb "must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity."  *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–92 (1978)).  "Official policy involves a deliberate choice to follow a course of action made from among various alternatives by an official who is determined by state law to have the final authority to establish governmental policy."  *Ware v. Jackson Cty.*, 150 F.3d 873, 880 (8th Cir. 1998) (alterations, citation, and internal quotation marks omitted).  Additionally, "the plaintiff must prove that the policy was the 'moving force' behind a constitutional violation."  *Schaffer v. Beringer*, 842 F.3d 585, 596 (8th Cir. 2016) (quoting *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999)).  "Because an official policy speaks for itself about the intent of public officials, proof of a single act by a policymaker may be sufficient to support liability."  *Jenkins v. Cty. of Hennepin*, 557 F.3d 628, 633 (8th Cir. 2009) (citing *McGautha v. Jackson Cty.*, 36 F.3d 53, 56 (8th Cir. 1994)).

Alternatively:

A plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by

5

>the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation."

*Mick v. Raines*, 883 F.3d 1075, 1079–80 (8th Cir. 2018) (alteration omitted) (quoting *Corwin v. City of Indep.*, 829 F.3d 695, 700 (8th Cir. 2016)).  "To trigger municipal liability based on unofficial municipal custom, the custom must be so pervasive among non-policymaking employees of the municipality that it effectively has the force of law."  *Bolderson v. City of Wentzville*, 840 F.3d 982, 986 (8th Cir. 2016) (citing *Ware*, 150 F.3d at 880).

Here, Mr. Webb has not identified a policy or custom that caused him a constitutional deprivation.  Mr. Webb's complaint, therefore, fails to state an official-capacity claim against any of the defendants.  The Court dismisses without prejudice Mr. Webb's official-capacity claims.

### 3. Personal-Capacity Claims Against Joe Slocum, III, Doyle Fowler And Nick Watson

"The essential elements of a § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the allegedly wrongful conduct deprived the plaintiff of a constitutionally protected federal right."  *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009) (citing DuBose v. Kelly, 187 F.3d 999, 1002 (8th Cir. 1999)).  "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 662).

Here, Mr. Webb's complaint fails to make any specific allegations pertaining to Mr. Fowler.  Mr. Webb has failed to describe how Mr. Fowler was personally involved in or had direct responsibility for the alleged violations of his constitutional rights.  *See Am. Mfrs. Mut. Ins. Co. v.*

6

*Sullivan*, 526 U.S. 40, 49–50 (1999); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Also, Mr. Webb's allegation that Mr. Slocum damaged irrigation infrastructure and produce does not establish that Mr. Slocum's conduct deprived him of a constitutionally protected federal right. It follows that Mr. Webb has failed to state a personal-capacity claim against Mr. Fowler or Mr. Slocum.

Finally, Mr. Webb's bare, conclusory allegation that Mr. Watson used excessive force upon him during the arrest, while serious if true, is not "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. As currently plead, Mr. Webb's complaint consists of nothing more than a naked assertion; it sets forth no specific facts upon which this Court could find a constitutional violation against Mr. Watson. *See Iqbal*, 556 U.S. at 678. If Mr. Webb intends to pursue this claim, he must make specific factual allegations indicating that Mr. Watson used excessive force in making the arrest that support his claim. Mr. Webb must also provide a service address for Mr. Watson.

At this time, for these reasons, the Court dismisses without prejudice Mr. Webb's personal capacity claims against Mr. Fowler, Mr. Slocum, and Mr. Watson.

### 4. Personal-Capacity Claims Against James Durham And Thomas Kendrick

Having carefully reviewed Mr. Webb's complaint, the Court finds that, for screening purposes only, Mr. Webb has asserted a cognizable excessive-force claim against Mr. Durham and Mr. Kendrick. Therefore, the Court will order service on these defendants.

### 5. Conditions-Of-Confinement Claim

The Court construes Mr. Webb's allegation that, while in custody, he was forced to sleep without proper lineage as a conditions-of-confinement claim. Based on Mr. Webb's complaint, it appears that Mr. Webb was a pre-trial detainee at the time of the incidents on which he bases this

claim. Thus, the Court will analyze Mr. Webb's conditions-of-confinement claim under the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535–36 (1979); *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993). However, the Eighth Circuit has explained that, when analyzing conditions-of-confinement claims, courts should "apply the identical deliberate-indifference standard as that applied to conditions-of-confinement claims made by convicts." *Crow v. Montgomery*, 403 F.3d 598, 601 (8th Cir. 2005). "Punishment that 'deprive[s] inmates of the minimal civilized measures of life's necessities' is unconstitutional." *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). As a result, "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989).

Here, Mr. Webb has not identified the correctional officer responsible for the allegedly unconstitutional conditions; nor has Mr. Webb demonstrated that, objectively, the conditions were serious enough to merit constitutional protection. As such, Mr. Webb's conditions-of-confinement claim, as currently plead, fails to state a claim on which relief may be granted. The Court dismisses without prejudice this claim.

### 6. Non-Monetary Claims

Mr. Webb requests that the Court require defendants to apologize to him and that defendants be required to complete 203 hours of community service (Dkt. No. 2, at 5). However, the Court is aware of no authority that entitles a civil rights plaintiff pursuing a case against governmental defendants to receive court-ordered apologies as an equitable remedy. Likewise, the Court is without authority to order defendants to complete community service as a remedy for the alleged constitutional violations.

In sum, the Court finds that, for screening purposes only, Mr. Webb has alleged sufficient facts in his complaint to establish a violation of his constitutional rights against Mr. Durham and Mr. Kendrick. However, Mr. Webb's complaint fails to state a claim on which relief may be granted against Mr. Slocum, Mr. Fowler, and Mr. Watson. Therefore, the Court will order service on Mr. Durham and Mr. Kendrick, but the Court will not order service on the other defendants in this action at this time. Additionally, the Court directs Mr. Watson to file an amended complaint, within 30 days from the entry of this Order, that cures the deficiencies as set forth above if Mr. Webb opts to pursue those claims.

### III.     Service Of Process

Because Mr. Webb is proceeding IFP, he is entitled to rely on service by the United States Marshals Service ("USMS"). *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); *see also Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013) (recognizing that, because the plaintiff was proceeding IFP, "[t]he court staff were obligated to prepare the summons and provide it to the USMS, and the USMS was obligated to effect service"). Because Mr. Webb is entitled to rely on service by the USMS, and because an extension of time to perfect service would not prejudice defendants, the Court finds that Mr. Webb's failure to serve process is the result of excusable neglect and grants Mr. Webb a 90-day extension from the entry of this Order to serve Mr. Durham and Mr. Kendrick with the summons and complaint. *See Kurka v. Iowa Cty.*, 628 F.3d 953, 959 (8th Cir. 2010) ("Because the judicial preference for adjudication on the merits, which goes to the fundamental fairness of the adjudicatory process, is implicated here, the district court must weigh the effect on the party requesting the extension against the prejudice to the defendant."); *Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 614 (8th Cir. 2003) ("Where a dismissal without prejudice has the actual effect of terminating a plaintiff's claim, . . . a strong argument may be made for a

permissive extension, at least when such an extension would cause little or no prejudice to the defendant.").

The Court directs the Clerk of Court to prepare and forward all necessary information, including the summons and complaint, to the USMS for execution of service of process of the summons and complaint on James Durham and Thomas Kendrick. Pursuant to Federal Rule of Civil Procedure 4(c)(3), the Court directs the USMS to serve the summons and complaint on James Durham at 500 North 3rd Street, Augusta, Arkansas 72006, and Thomas Kendrick at the Arkansas Game and Fish Commission Headquarters, 2 Natural Resources Drive, Little Rock, Arkansas 72205. The USMS should not serve the other defendants in this action at this time.

**IV.     Instructions For *Pro Se* Litigants**

Mr. Webb is proceeding *pro se*. He is notified that Rule 5.5(c)(2) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas requires *pro se* litigants like Mr. Webb: (1) to notify promptly the Court and the other parties in the case of any change of address; (2) to monitor the progress of the case; and (3) to prosecute or defend the action diligently. Mr. Webb should be aware that Local Rule 5.5(c)(2) further provides that the failure to respond to any communication from the Court within 30 days may result in dismissal of the case. Any party proceeding *pro se* is expected to be familiar with and follow the Federal Rules of Civil Procedure as well as the Local Rules of this Court. A copy of the Local Rules may be obtained from the District Clerk for the Eastern District of Arkansas.

**V.      Conclusion**

For the reasons set forth above, the Court grants Mr. Webb's motion for leave to proceed IFP (Dkt. No. 1). The Court directs the USMS to serve the summons and complaint on James Durham at 500 North 3rd Street, Augusta, Arkansas 72006, and Thomas Kendrick at the Arkansas

Game and Fish Commission Headquarters, 2 Natural Resources Drive, Little Rock, Arkansas 72205.  The USMS should not serve the other defendants in this action at this time.  Finally, the Court orders Mr. Webb to file an amended complaint, within 30 days from the entry of this Order, that cures the deficiencies outlined herein, if he opts to pursue the claims the Court has dismissed without prejudice.

It is so ordered this 29th day of October, 2020.

*Kristine G. Baker*

Kristine G. Baker
United States District Judge