## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

JEFFERY WEBB and
CHRISTALYNN NEAL                                    PLAINTIFFS

v.                    No. 3:19-cv-357-DPM

JOE SLOCUM, III, Chief Firefighter
& Deputy Sheriff Officer;  DOYLE
FOWLER, Mayor/Realtor;  THOMAS
KENDRICK, Game & Fish;  BRADLEY
BEEVLES, Chief;  NICK WATSON, Officer;
JAMES DURHAM, Deputy Sheriff;
WILLIAMS JONES, Officer; CITY OF
MCCORY;  and WOODRUFF COUNTY              DEFENDANTS

JEFFERY WEBB, II                                       PLAINTIFF

v.                    No. 3:19-cv-358-DPM

JOE SLOCUM, III, Chief Firefighter
& Woodruff County Sheriff's Office;
DOYLE FOWLER, Mayor of McCrory,
Arkansas;  JAMES DURHAM, Woodruff
County Deputy Sheriff and Jail Administrator;
THOMAS KENDRICK, Game & Fish Officer and
Firefighter;  and NICK WATSON              DEFENDANTS

### ORDER

1.     On the same day in December 2019, these two cases were
filed making similar claims.  Jeffery Webb was a plaintiff in both.  The
defendants were not identical, but there was substantial overlap.  The

first case, No. 357, was randomly assigned to me. The second case, No. 358, was randomly assigned to a colleague. Both cases were screened and moved forward in some shape. No. 358 was recently reassigned to me as a related matter. The two cases are really one dispute. With the benefit of all the filings in both cases, the Court revisits some prior rulings and addresses some pending matters.

**2.** The screening Order in No. 358, *Doc. 3*, is partly vacated. Webb has adequately pleaded a policy or custom. And Slocum, Fowler, and Watson are amenable to suit. The rest of the screening Order in No. 358 stands. Webb's motion for more time to respond to that Order is denied as moot.

**3.** Defendant Kendrick's motions to dismiss in both cases are granted. Plaintiffs' official capacity claims against Kendrick, an employee of the Arkansas Game and Fish Commission, are equivalent to claims against the State, which is immune from suit. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Plaintiffs have also failed to state individual capacity claims against Kendrick for the farm, the store, and the jail incidents. Even considering the allegation that Kendrick pointed a weapon in Webb's face during a custodial interrogation, Plaintiffs' individual capacity claims against Kendrick still fail because Plaintiffs have not argued any resulting injury or due process violation. *Sheets v. Butera*, 389 F.3d 772, 778–79 (8th Cir. 2004); *Wilkins v. May*, 872 F.2d 190, 195 (7th Cir. 1989).

- 2 -

**4.** No solid claim has been made against Jones or Beevles. The former is listed as a defendant but no facts are pleaded about his actions. Plaintiffs plead that Beevles ran an illegal background check at Fowler's order. *Doc. 11 in No. 357 at 12.* This alleged action supports the § 1981 claim against Fowler; but it is not clear to the Court that Plaintiffs seek to sue Beevles or that Beevles's running an illegal background check at his boss's direction, with no apparent consequences to Webb, make out an independent claim against Beevles.

**5.** Service has been attempted by mail on Slocum, Fowler, Beevles, Durham, Watson, and Jones in the No. 357 case. The service was not effective because delivery was not restricted and none of these defendants signed for the suit papers. *Doc. 31, 32, 35, 36, 37, & 38.* None of these individuals has answered. The service issue does not matter on Jones and Beevles, who will be dismissed as parties. But, if the case continues, service must be re-done on Slocum, Fowler, Durham, and Watson.

**6.** It is not clear to the Court whether Webb and Neal, the current plaintiffs, want to pursue their claims. The only paper they have filed in the last ten months is a November motion for more time. Plaintiffs must therefore file an amended complaint with the Court by February 8th. This pleading should only re-state the following claims,

-3-

which the Court has allowed after screening, against the following defendants:

- § 1983 claim for unlawful arrest against the City of McCrory, Woodruff County, and Officer Nick Watson in his official and individual capacity

- § 1983 claims for excessive force and due process and equal protection violations against the City of McCrory, Woodruff County, and Joe Slocum, Nick Watson, and James Durham in their official and individual capacities

- § 1981 racial discrimination and retaliation against the City of McCrory, Woodruff County, Joe Slocum, and Doyle Fowler in the individual and official capacities

If Plaintiffs do not file an amended complaint by the deadline, the Court will dismiss without prejudice.

\* \* \*

Kendrick's motions, *Doc. 28 in No. 357 and Doc. 10 in No. 358,* are granted. Plaintiffs' motion for more time, *Doc. 12 in No. 358,* is denied as moot. Jones and Beevles are dismissed as defendants. The cases are consolidated. FED. R. CIV. P. 42(a)(2). No. 3:19-cv-357-DPM is designated the lead case. All future filings must be made under that docket number. Amended Complaint due by 8 February 2021.

- 4 -

So Ordered.

_WBMarshall Jr._

D.P. Marshall Jr.
United States District Judge

7 January 2021