IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JEFFERY WEBB and
CHRISTALYNN NEAL                                           PLAINTIFFS

v.                      No. 3:19-cv-357-DPM

JAMES DURHAM, Deputy
Sheriff and WOODRUFF
COUNTY ARKANSAS                                            DEFENDANTS

JEFFERY WEBB, II                                           PLAINTIFF

v.                      No. 3:19-cv-358-DPM

JAMES DURHAM, Deputy
Sheriff and Jail Administrator,
Woodruff County Jail                                       DEFENDANT

ORDER

Jeffrey Webb is a longtime resident of McCrory—a small town in Woodruff County, Arkansas. In October 2019, Webb was arrested for terroristic threatening and spent three days in the Woodruff County jail before he was released on bond. In two cases, Webb and his fiancée, Christalynn Neal, sued multiple city and county employees, as well as McCrory and Woodruff County, for various constitutional violations. Many claims and defendants have been dismissed. The constitutional claims against Chief Deputy James Durham and Woodruff County remain.

Chief Deputy Durham and Woodruff County say they are entitled to summary judgment on Webb's and Neal's remaining claims. Webb and Neal want a trial. The Court notes that Webb's and Neal's four-page response to the motion, *Doc. 85*, was not timely. The tardiness, however, caused only a slight delay. And the defendants do not say that they suffered any burden. The Court will therefore consider this response. But, the briefing must end at some point. And, absent some compelling circumstance, the movant is entitled to the last written word. Webb and Neal have not shown that any such circumstance exists. The Court will therefore disregard their sur-reply, *Doc. 88*. Many of the material facts in this case are undisputed. Where a genuine issue of material fact exists, the Court takes the record in the light most favorable to Webb and Neal. *Oglesby v. Lesan*, 929 F.3d 526, 532 (8th Cir. 2019).

Before turning to the merits, the Court must resolve some threshold issues. Webb's and Neal's response appears to assert new claims for failing to provide Webb with requested grievance forms and denying him medical care. They did not plead these claims. *Compare Doc. 42 at 4–6*. And they cannot amend their pleading in their summary judgment briefing. *Northern States Power Co. v. Federal Transit Administration*, 358 F.3d 1050, 1056–57 (8th Cir. 2004). Additionally, Webb's and Neal's amended complaint does not allege claims of excessive force, bond interference, or unlawful interrogation

against Chief Deputy Durham. *Doc. 42*. Webb and Neal brought an excessive force claim against Officer Watson, but their amended complaint did not plead an excessive force claim against Chief Deputy Durham. *Compare Doc. 42 at 3-4, with Doc. 42 at 5-6*. Webb's only mention of Chief Deputy Durham using excessive force was during Webb's deposition; he alleged an incident where Chief Deputy Durham pepper-sprayed him. *Doc. 81-5*. But, Webb cannot assert an additional claim through his deposition testimony. And the deadline for proposing amendments has long passed. *Doc. 66 at 1*. The official capacity claims against Chief Deputy Durham will also be dismissed without prejudice; those claims duplicate the claims against the County. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

Webb and Neal argue that the settlement they previously reached with Defendants Slocum, Fowler, Watson, and the City is proof supporting their claims against the remaining defendants—Chief Deputy Durham and Woodruff County. The particulars of this settlement, however, are not part of the record; nor is there any indication that Chief Deputy Durham or the County are connected with the deal and any of its terms. Webb's and Neal's claims against the remaining defendants are separate and distinct from their claims against the settling defendants. The Court therefore will not consider this settlement as proof that Chief Deputy Durham and Woodruff County are liable to Webb and Neal for any constitutional

violation. FED. R. EVID. 408. Finally, the defendants' argument that the remaining claims should be dismissed because Webb failed to exhaust his administrative remedies as required by the PLRA is misplaced. This exhaustion requirement applies to persons who are incarcerated or detained. When a plaintiff, such as Webb, files a lawsuit after being released, he is not subject to the PLRA's requirements. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005).

Webb's unconstitutional conditions of confinement claim fails as a matter of law. He says his food and drinks were contaminated with bleach and antifreeze, but he does not contend Chief Deputy Durham was involved in food and drink preparation. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Chief Deputy Durham's sworn statement confirms that he was not involved. *Doc 81-1 at 2*. Webb has not met this proof with any contradicting evidence. In his deposition, Webb testified that Sheriff Phil Reynolds was responsible for tampering with the food. *Doc. 81-5 at 25*. On this record, Chief Deputy Durham is entitled to judgment as a matter of law on the conditions claim.

He is also entitled to qualified immunity—and, therefore, summary judgment—on Webb's First Amendment claims. The record lacks evidence indicating that Webb's ability to practice his Muslim faith was substantially burdened during his time at the Woodruff County jail. *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008). Webb offers no proof rebutting Chief Deputy

Durham's sworn statement that he did not speak to Webb or Neal at any point during Webb's three-day detention. *Doc. 81–1*. And Webb's intake paperwork doesn't indicate a religious preference or list any dietary restrictions. *Doc. 81–2 at 2 & 4*. Webb's First Amendment claims fail.

Webb and Neal do not allege or argue that the County had a policy or custom that was the moving force behind the alleged constitutional violations. *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978). Nor do they bring a claim for failure to train. Woodruff County is therefore entitled to summary judgment.

It is not clear to the Court that Neal has standing to pursue any of the remaining claims. They all relate to Webb, not her. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562–63 (1992). But, to the extent Neal has standing, all the claims fail as to her for the same reasons they fail as to Webb.

\*   \*   \*

The motion for summary judgment, *Doc. 79*, is granted.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

8 November 2022